```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FRANCIS CARLING,                    :

                Plaintiff,          :   10 Civ. 4573 (VM)(HBP)

     -against-                      :   MEMORANDUM
                                        OPINION AND ORDER
KRISTAN PETERS,                     :

                Defendant.          :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I write to supplement my oral decision of this date addressing plaintiff's motion to affirm the Orders of Arbitrator Scanlon dated May 17, 2010 and September 14, 2010, to vacate the Order of Arbitrator Rothstein dated October 25, 2010 and to stay the arbitration between Collazo, Carling & Mish LLP ("CCM") and defendant Peters and between Peters and Carling in his individual capacity. As explained below, on further reflection, plaintiff's motion is granted except to the extent it seeks to stay the arbitration of claims between CCM and Peters and in that respect it is denied.

This action arises in part out of claims by Carling (as an individual) and his former firm, CCM, for fees for legal services provided to Peters. On November 10, 2009, both Carling individually and CCM commenced an arbitration against Peters for

these fees and for other claims.  The demand for arbitration carefully delineated the fee claims asserted by CCM and the fee claims asserted by Carling as an individual; there were no claims for fees jointly asserted by CCM and Carling as an individual (see Demand for Arbitration and Statement of Claims, annexed as Exhibit 1 to the Affirmation of Francis Carling, Esq. in Support of his motion to Confirm and Vacate Arbitrator's Awards, and to Stay Arbitration, dated November 19, 2010 (Docket Item 63) ("Carling Aff."))[1]  Carling admitted in the arbitration proceeding that there was no arbitration agreement between himself, as an individual, and Peters.  Nevertheless, because there was a relationship among some of the claims, Carling sought to have all the claims resolved in arbitration.

      Peters objected to Carling's demand for arbitration with respect to his individual claims.  Peters admitted that there was an arbitration agreement between herself and CCM with respect to fee claims asserted by CCM; she objected, however, to

---

[1] A substantial portion of the fees in issue related to the representation of Peters in an appellate matter entitled Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110 (2d Cir. 2009).  With the exception of a claim for $20 in disbursements which is now moot, Carling, as an individual, did not assert any claim for fees concerning the Wolters matter in either the arbitration or in this action.

2

Carling's attempt to assert his own individual claims in the arbitration. For example, Peters argued to the arbitrator that:

> Carling has failed to specify the agreement(s) pursuant to which arbitration is sought with respect to any of [his individual claims].
>
> Indeed, he has not cited to, or claimed there was, any agreement to arbitrate such matters before this Association. In fact, the only agreement to arbitrate was entered onto by Respondent with CCM -- a separate entity -- in which the parties specifically delimited their agreement to arbitrate only with respect to disputes related to CCM's "bills, fees and disbursements" (Ex. B at p. 2) in a matter relating to "an order entered by Judge Harold Baer" (Id. at p. 1). In the agreement with CCM, there is no agreement to arbitrate claims for declaratory relief relating to requests for discipline, or defamation claims. There, Peters specifically agreed only to the terms " to which Collazo, Carling & Mish LLP has been engaged" (Id. at 2; emphasis supplied) and there is no mention therein of any engagement of Carling's separate firm where he is a solo practitioner. The agreement makes no mention of a Minnesota matter, a Connecticut matter, a matter involving a New York defamation claim brought against Dorsey, the Demizio matter, or Carling's separate claims for fees that he separately billed as a solo practitioner in relation to matters outside this jurisdiction or within it. Carling has not attached any retainer agreements entered between his firm "The Law Offices of Francis Carling" and Peters, nor has he claimed there was any. He has entirely failed to "specify[] the agreement [between Peters and him in his individual capacity] pursuant to which arbitration is sought" (CPLR § 7503(c)), and therefore, there is a failure of notice under the rules.

(Defendant's Supplemental Application to Stay Arbitration and Notice of Failure to Provide Proper Demand for Arbitration, at 2-3, annexed as Exhibit 2 to Carling Aff.).

The arbitrator, Kathleen M. Scanlon, Esq., agreed with Peters and, with the exception of a single claim for $20 which is now moot, dismissed all of Carling's individual claims without prejudice (Order of Kathleen M. Scanlon, dated May 17, 2010, annexed as Exhibit 3 to the Carling Aff.).  As a result, Carling commenced this action on June 11, 2010, asserting the claims that he had formerly asserted in the arbitration.

Notwithstanding her arguments to the contrary before Arbitrator Scanlon, Peters, in August, 2010, reversed course and moved for the dismissal of this action arguing, among other things, that Carling's individual claims should be heard in arbitration.  The Honorable Victor Marrero, United States District Judge, rejected this argument and denied the motion, stating:

> Now, the plaintiff's opposition points out that in a recent determination by the arbitrator in that proceeding the arbitrators found that most of the claims asserted by the plaintiff in this litigation are not the subject of arbitration.  And to the extent that some of those issues were arbitrable they remain in that proceeding.[2]  So that essentially disposes of the defendant's arguments for dismissal based on arbitration.

(Transcript of Proceedings held on September 10, 2010, at 4, annexed as Ex. 12 to Carling Aff.).  Judge Marrero denied Peters'

---

[2] Judge Marrero appears to be referring here to the $20 claim mentioned above.

motion for reconsideration of this decision on September 27, 2010 (Docket Item 27).

Four days later, Arbitrator Scanlon re-affirmed her May 17 decision and confirmed that the only parties remaining in the arbitration were CCM and Peters (Order of Kathleen M. Scanlon, dated September 14, 2010, annexed as Exhibit 15 to the Carling Aff.)

On October 8, 2010, the Association of the Bar of the City of New York appointed Amy Rothstein, Esq. as arbitrator with respect to the pending claims between CCM and Peters; the reasons for her substitution for Ms. Scanlon are in dispute and are not relevant to the present motion.  After hearing oral argument from the parties, but without accepting written submissions, Arbitrator Rothstein issued an Order on October 25, 2010 which provided, in pertinent part:

> The arbitration clause in the retainer letter drafted by Mr. Carling unambiguously gives [Peters] the right to arbitrate in this forum claims pertaining to CCM's and Carling's representation of her in her appeal to the Second Circuit from an order entered by Judge Harold Baer.  The fact that the previous arbitrator appears to have ruled that Ms. Peters can bring counterclaims only as to CCM does not bind me.  Indeed, even in court proceedings, the law of the case doctrine "'is, at best, a discretionary doctrine, which does not constitute a limitation on the court's power' but merely expresses a general reluctance, absent good cause, to reopen rulings that the parties have relied upon." Tischmann v. ITT/Sheraton Corporation, 145 F.3d 561, 564 (2d Cir. 1988) (internal citation omitted.)

> In this case, I have no reluctance to depart from the prior ruling because of the clear language of the retainer letter's arbitration clause and because, as Ms. Peters points out, if she is not permitted to assert counterclaims against Mr. Carling in this arbitration, she will simply file her own arbitration proceeding.

(Order of Arbitrator Rothstein, dated October 25, 2010, annexed as Ex. 19 to Carling Aff.).  The record does not clearly disclose whether Arbitrator Rothstein was aware of Peters' change of position with respect to whether Carling's individual claims should be in arbitration nor does the record clearly disclose whether Arbitrator Rothstein was aware of Judge Marrero's September 10 decision construing Arbitrator Scanlon's May 17, 2010 decision to conclude that Carling's individual claims were not subject to arbitration.

      Arbitrator Rothstein subsequently scheduled arbitration proceedings for November 30 and December 6, 2010.  On November 24, 2010, I stayed the arbitration through 9:00 a.m. on December 6, 2010 to permit the resolution of the current motion.  Oral argument was heard on the motion this morning; briefs, affidavits and exhibits were submitted by both sides.

      Assuming without deciding that Peters ever had a right to arbitration with respect to her claims against Carling in his individual capacity, she waived that right when she sought dismissal of Carling's individual claims from the arbitration

6

proceeding.  She successfully argued that Carling's individual claims were not the subject of any arbitration agreement, that she would not agree to resolving them in arbitration and she succeeded in having them dismissed from the arbitration.  As a result of her unilateral decision, Carling incurred the expense of commencing this action, the expense of attending several court conferences and the expense of responding to several motions. Judge Marrero and myself have also expended substantial time on this matter as a result of Peters' objection to resolving her disputes with Carling in arbitration.  The judicial branch of government exists to dispense justice, as best we can; it is not a vehicle for litigants to compel their adversaries to expend time and effort needlessly.  See Polaroid Corp. v. Casselman, 213 F. Supp. 379, 381 (S.D.N.Y. 1962) ("A lawsuit is not a game but a search for the truth.  The ends of justice are served, not by giving one side a vested right to exhaust the other, but by affording both an equal opportunity to a full and fair adjudication on the merits.").  Permitting the restoration of Carling's individual claims to the arbitration proceeding would effectively permit Peters to flip-flop for no valid would reason and would bring this action one step closer to being a battle of attrition. Having rejected Carling's efforts to resolve the dispute in arbitration and having caused Carling to spend time and money to

litigate in this Court, it would be patently unfair to now allow Peters to jerk her disputes with carilng in his individual capacity back into arbitration.

In addition to a stay of arbitration with respect to claims by and against Carling in his individual capacity, Carling also seeks a stay of the arbitration with respect to the claims by and against CCM.  Carling has asserted a claim against Peters for fraud, and Carling claims that if he is successful on his fraud claim, the retainer agreement between CCM and Peters, which contains the operative arbitration clause, will be rendered voidable.

Carling concedes that, ordinarily, a claim that fraud renders a contract containing an arbitration clause voidable is properly decided by the arbitrator in the first instance.  See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006), citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967).  Nevertheless, Carling claims that this case is an exception to the general rule because CCM and Carling initially tried to have all claims resolved in arbitration and it was Peters who objected to claims by and against Carling in his individual capacity being heard in arbitration.  Carling argues that permitting the claims against CCM to proceed creates a risk of inconsistent adjudications and anomalous results.  For exam-

ple, if the arbitrator were to find the retainer agreement was valid and that either CCM or Peters was entitled to recover damages for breach of that agreement, a subsequent finding in this court that the retainer was voidable might have the effect of nullifying the arbitrator's decision.  A decision by the arbitrator would not, however, bind Carling as an individual because he is not a party to the arbitration.

        Although I indicated in Court this morning that I would grant the application for a stay of the arbitration with respect to the claims by and against CCM, on further reflection, I conclude that the anomalous nature of this case is not sufficient to render the general rule inapplicable.  In addition, Carling as an individual will not suffer any prejudice from the arbitration involving claims by and against CCM.  He is not a party to the arbitration and will not be bound by its results.  To the extent CCM runs a risk of some prejudice from the dual proceedings, Carling, as a third party, does not have standing to raise it.[3]

        Finally, at this morning's oral argument, Peters asserted for the first time that I lacked subject matter jurisdiction to entertain Carling's application to stay the arbitration.  Because this issue has never been previously asserted and

---

    [3]Carling is not a partner of CCM.

9

has never been briefed, I did not address it from the bench. Peters is, of course, free to make any application that is appropriate concerning subject matter jurisdiction and Carling will, of course, have an opportunity to respond.

Peters also requested that I consider her memorandum of law in opposition to Carling's motion as a motion to stay this action. I decline to treat it as a motion for a stay. Peters makes only passing reference to staying these proceedings at pages 3 and 25 of her memorandum; these minimal references do not fairly put Carling on notice that Peters is seeking to stay this action. Peters is, of course, free to move for a stay if such an application is reasonably supported by the law and the facts.

Accordingly, Carling's motion to confirm the Orders of Arbitrator Scanlon dated May 17 and September 14, 2010 is granted; his application to vacate the October 25, 2010 Order of Arbitrator Rothstein is granted to the extent that Order permits the assertion of counterclaims against Carling in his individual capacity; Carling's application is denied to the extent it seeks to stay the arbitration of claims by or against CCM. To the

extent my oral order of this morning granted the application to stay the arbitration of claims by or against CCM, it is vacated.

Dated:  New York, New York
        December 3, 2010

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Francis Carling, Esq.
Suite 12BC
174 East 74th Street
New York, New York  10021-3533

Kristan Peters, Esq.
Peters Hamlin LLC
Second Floor
1100 Summers Street
Stamford, Connecticut  06905