```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FRANCIS CARLING,                    :

                Plaintiff,          :    10 Civ. 4573 (VM)(HBP)

    -against-                       :    MEMORANDUM
                                         OPINION AND ORDER
KRISTAN PETERS,                     :

                Defendant.          :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Despite my November 16 Order directing the parties in this underlying fee dispute to focus on legal issues and dispense with ad hominem attacks, both parties have continued to submit letters to me that seek judicial relief only after long-winded, rancorous diatribes against each other.  I note that in a September 30, 2010, Order, the Honorable Victor Marrero, United States District Judge, after reviewing similar vituperative correspondence, noted that "the next communication that further burdens the Court with the pettiness and frivolity embodied in this correspondence will give rise to appropriate sanctions."  Both sides are reminded of said Order and are expressly directed to permanently cease these personal attacks.

By a letter dated November 22, 2010, plaintiff seeks to compel responses to his First Request for Production of

Documents.  These discovery requests were dated October 18, 2010, and a response was dated November 20, 2010.[1]  Defendant objects to all requests for documents on various grounds.  Defendant's deposition is scheduled for December 16, and plaintiff requests that all documents be received by him by December 13.

The Court having reviewed the various letters by the parties, it is hereby ORDERED that:

1.  Plaintiff's application to compel defendant to produce all documents concerning defendant's job performance at each firm or office she has been employed or worked as a lawyer is **granted**.  This includes firms Pillsbury Winthrop Shaw Pittman LLP (or any predecessor), Fulbright & Jaworski LLP, Dorsey & Whitney LLP, and the United States Attorney's Office.  Because plaintiff's fraud claim is still pending, this request seeks material that is reasonably calculated to lead to admissible evidence concerning the truth of certain statements allegedly made to plaintiff.

2.  Plaintiff's application to compel defendant to produce all documents concerning the reasons or circumstances of defendant's leaving each job she held as a lawyer is **granted** for

---

[1] Plaintiff and defendant bicker over whether defendant's response was, in fact, timely.  As defendant is proceeding pro se (as is plaintiff), I shall consider defendant's response for the purposes of this motion without ruling on their timeliness.

the same reasons given above.

      3. Plaintiff's application to compel defendant to produce all documents concerning any settlement made between defendant and any law firm at which she was employed as an associate, partner or counsel, including but not limited to Dorsey & Whitney LLP, is **granted**. The confidentiality of the agreements is not a bar to their production in this action, and this request is reasonably calculated to lead to admissible evidence concerning defendant's employment history.

      4. Plaintiff's application to compel defendant to produce all documents concerning any grievance filed against defendant for unprofessional conduct, before or after plaintiff's representation of defendant, is **granted**. As plaintiff correctly notes, post-representation discipline is relevant if it relates back to pre-representation conduct. Defendant cites N.Y. Judiciary Law § 90(10) in support of her objection, which states that documents relating to "complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys, shall be sealed and be deemed private and confidential." To the extent that defendant already has the records in her possession, custody or control, I conclude the statute does not bar production in discovery, and she should provide these documents to plaintiff. The statute merely seals

the records, thereby putting them beyond the reach of the general public.  It does not create an evidentiary privilege.

    5.  Plaintiff's application to compel defendant to produce all documents concerning any motion for sanctions filed against defendant at any time -- other than the sanctions motion in <u>Wolters Kluwer</u> - is **granted** for the same reasons given in the preceding paragraph.

    6.  Plaintiff's application to compel defendant to produce all documents concerning or evidencing any criticism expressed by any court or adversary of defendant's conduct as a lawyer is **denied** as overly broad and unduly burdensome.

    7.  Plaintiff's application to compel defendant to produce all documents concerning defendant's status as a present or former member of the Southern or Eastern Districts of New York or District of Connecticut is **granted**.  As discussed in paragraph 4, post-representation discipline is relevant if it relates back to pre-representation conduct.

    8.  Plaintiff's application to compel defendant to produce all documents concerning or arising from the sanctions proceeding in the <u>Wolters Kluwer</u> case subsequent to the oral argument of defendant's Second Circuit appeal on December 2, 2008 -- including but not limited to decisions of courts, grievance committees or similar authorities concerning defendant -- is

**granted.** As discussed in paragraphs 4 and 7, post-representation discipline is relevant if it relates back to pre-representation conduct.

      9. Plaintiff's application to compel defendant to produce all documents concerning the copy of the volumes of the Appendix on appeal utilized by plaintiff in his preparation for oral argument on defendant's Second Circuit appeal is **granted.** As plaintiff correctly notes, the transcript is discoverable despite the sealing order issued by Judge Baer. The sealing order puts the documents beyond the reach of the general public. It does not create an evidentiary privilege. This request is reasonably calculated to lead to admissible evidence as to the representations plaintiff made about her case in comparison to the record evidence. Defendant shall make the Appendix available to the plaintiff, who shall pay for the cost of copying those documents.

      10. Plaintiff's application to compel defendant to produce a copy of the tape of the oral argument of defendant's Second Circuit appeal is **granted.** The tape is relevant to establish the quality of the advocacy plaintiff provided. Defendant shall make the tape available for copying, which plaintiff has agreed to pay for.

      11. Plaintiff's application to compel defendant to

produce all records of telephone calls to and from defendant, plaintiff, and/or Collazo Carling & Mish LLP between July 1, 2008, and December 31, 2008, is **granted**.

      12.  Plaintiff's application to compel defendant to produce all non-privileged documents concerning communications between defendant and any other person or firm (but excluding plaintiff) concerning plaintiff, defendant's disputes with plaintiff, this action, or the pending arbitration between defendant and Collazo Florentino & Keil LLP is **granted**.  Any privileged documents should be logged, and a privilege log shall be produced in such case.  Defendant need not produce any documents that have already been produced to plaintiff.

      13.  Plaintiff's application to compel defendant to produce all documents concerning bills rendered by counsel for defendant in any action or proceeding relating to, or arising from, the sanctions proceeding in the <u>Wolters Kluwer</u> case or defendant's disputes with Dorsey & Whitney, as well as all documents showing the amounts, if any, defendant paid in respect of each such bill, is **granted**.  This evidence is relevant to the truth of defendant's representations concerning her payment of bills.

      14.  Plaintiff's application to compel defendant to produce all documents concerning any dispute about, adjustment

6

of, or discount on, the bills referred to in request 13 is **granted** for the same reasons as given in paragraph 13. Any privileged information on such bills shall be redacted.

Defendant is directed to produce all of the aforementioned discovery requests so that plaintiff will receive them by December 15, 2010, at noon.

Dated:  New York, New York
        December 13, 2010

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Francis Carling, Esq.
Suite 12BC
174 East 74th Street
New York, New York  10021-3533

Kristan Peters, Esq.
Peters Hamlin LLC
Second Floor
1100 Summers Street
Stamford, Connecticut  06905