```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FRANCIS CARLING,                    :
                  Plaintiff,        :   10 Civ. 4573 (VM)(HBP)
    -against-                       :   MEMORANDUM
                                        OPINION AND ORDER
KRISTAN PETERS,                     :
                  Defendant.        :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By motion filed February 3, 2011, defendant Kristan Peters seeks to compel the production of documents in response to her Document Requests (Docket Item 122). These requests in issue were dated and served on or about December 15, 2010; plaintiff responded on or about January 18, 2011. Plaintiff Francis Carling objects to the requests for documents on various grounds.

As a threshold matter, Carling argues that Peters' motion is insufficient on its face for four reasons and should be denied without addressing the merits of the document requests (Plaintiff's Affirmation in Opposition to Defendant's Motion to Compel Production of Documents, dated February 8, 2011 ("Pl.'s Aff.") (Docket Item 129), at 1-2). First, Carling argues that Peters' motion fails to comply with Federal Rule of Civil Procedure 37(a)(1) because it does not contain a certification

that the movant conferred or attempted to confer in good faith with the adverse party.  In response, Peters notes that the Court compelled production of her documents without a certification or even a motion or affidavit following Carling's letter motion (see Memorandum Opinion and Order, dated December 13, 2011 (Docket Item 81)).  She also argues that her declaration should serve as a certification, as she stated there that Carling "refused to participate meaningfully in discovery" (see Declaration of Defendant Kristan Peters in Support of Her Motion to Compel Document Requests, dated February 3, 2011 ("Peters Decl.") (Docket Item 123), at ¶ 4).  Because both parties are proceeding pro se, and given the parties' history of being unable to agree on almost anything, I shall consider Peters' motion despite the lack of a clear certification that she conferred or attempted to confer in good faith with Carling.

Second, Carling argues that Peters' motion is insufficient because it fails to disclose that Carling timely responded to her document requests and fails to disclose the basis of his objections.  Carling cites no authority in support of this argument.  Peters stated in her motion that "Carling has refused to comply with a single document[] request, and objected to every single one" (Motion to Compel, dated February 3, 2011 (Docket Item 122), at 1).  Peters disclosed the bases for

2

Carling's objections in her reply (Reply in Further Support of Motion to Compel, dated February 9, 2011 ("Def.'s Reply") (Docket Item 134), at 6-20).  I conclude that this argument is sufficient to warrant denial of the motion.

Third, Carling argues that Peters has failed to justify her individual document requests.  Peters provided reasons for her document requests in her reply (Def.'s Reply at 6-20).  I conclude that this is sufficient.

Carling's final argument is that he responded that he possessed no documents with respect to 16 of Peters' 27 document requests.  He further notes that with respect to five of the 27 requests, the documents sought are already in Peters' possession.  Carling argues that this leaves, at most, six requests that might justify relief from the Court and argues that Peters' failure to disclose the foregoing facts warrants a denial of the motion.  He cites no authority in support of his argument, and I reject it.  The fact that a party does not possess documents responsive to a request may warrant the denial of a motion to compel production of documents in response to that request, but it does not warrant the whole sale denial of the motion without consideration of the merits.  Thus, I will address the merits of Peters' motion.

Carling's argument that Peters is already in possession of certain documents that have been requested is not a valid

objection.  Peters is entitled to see, <u>inter alia</u>, if the documents in Carling's possession are identical to the ones already in her possession.  Therefore, with respect to Document Requests 5, 17, 22, 24 and 25, Carling is hereby ordered to produce all responsive non-privileged documents in his possession, custody or control.

      Carling claims he possesses no documents with respect to Document Requests 6, 10, 11 and 16, and Peters does not dispute these contentions.  Carling also claims he possesses no documents with respect to certain other requests, which Peters does dispute.  It is often the case during litigation that one party believes her adversary is withholding documents.  I cannot, however, issue a discovery order solely on the basis of one party's subjective belief.  Therefore, Carling's representation that he possesses no documents responsive to a particular request is generally the final word here, unless Peters offers some evidence, beyond speculation, that certain documents exist.  Carling is, however, precluded from presenting any documents at trial that would have been responsive requests 6, 10, 11 or 16.

      I address the remaining categories of document requests in order.

      <u>Document Request No. 1.</u>  Peters' application to compel Carling to produce all documents concerning any fee disputes

Carling had with previous clients is **denied.**  Carling states that he does not possess any documents and objects on the grounds of relevancy.  Peters states that Carling testified at his deposition that he sued a previous client who did not pay fees and obtained a judgment, and that Carling also had a fee dispute with another client.  Notwithstanding the parties' representations, I conclude that this request is not reasonably calculated to lead to admissible evidence concerning the fee dispute here.  The fee disputes Carling had in the past are either irrelevant or would likely be inadmissible.

Document Request No. 2.  Peters' application to compel Carling to produce all documents concerning any disputes Carling had with previous clients is likewise **denied,** for the same reasons given in the preceding paragraph.

Document Request No. 3.  Peters' application to compel Carling to produce all documents concerning Carling's oral arguments before the Second Circuit is **granted in part**.  Carling claims that he would have to copy and produce complete client files, discovery materials, briefs, appendices and decisions and that while he may have in his possession copies of some of his briefs, they are bound, difficult to copy and irrelevant.  Peters states that she is willing to accept citations to the cases Carling has argued and copies of the Table of Contents and Issues

Presented pages from his briefs.  I direct Carling to prepare and produce a list of cases -- with docket numbers -- that he argued in the Second Circuit.  This information is reasonably calculated to lead to admissible evidence concerning Peters' fraud claim. Specifically, it is relevant to the truthfulness of Carling's alleged representation that he had extensive experience handling oral argument before the Second Circuit and experience with disciplinary matters.

      <u>Document Request No. 4.</u>  Peters' application to compel Carling to produce all documents concerning all litigation and cases in which Carling was accused of making misrepresentations -- including but not limited to the litigation in which Christina Black accused Carling of making misrepresentations -- is **denied**. The issue with respect to Peters' counterclaims is Carling's alleged misrepresentations to her.  Peters argues that this evidence would tend to prove that Carling made false claims about his declining compensation in other instances and would provide impeachment evidence about his veracity.  The evidence sought is either irrelevant or would likely be inadmissible.  <u>See</u> Fed.R.Evid. 404.

      <u>Document Request No. 7.</u>  Peters' application to compel Carling to produce all documents concerning his gross income from the practice of law, arbitration or mediation in 2008, 2009 and

2010 is **granted**.  Carling objects to this request on the grounds that the information is personal and has no relevance to the case.  Peters argues that the request is relevant because Carling claims he lost business opportunities in 2008 through his representation of Peters, and these records will potentially reflect whether any business was lost, as Carling did not represent Peters in 2009 and 2010.  I agree with Peters that a comparison of Carling's gross salary from law, arbitration and mediation over these three years is reasonably calculated to lead to admissible evidence with respect to Peters' defense of Carling's economic injury allegations.

   Document Request No. 8.  Peters' application to compel Carling to produce all documents concerning any of the damages that Carling claims he suffered as a consequence of anything Peters did or failed to do or anything she said is **granted in part**.  Carling claims he possesses no responsive documents.  Peters argues that tax returns, gross earnings statements and alleged handwritten bills of time expended on her case should be produced because they are relevant to Carling's alleged financial injury.  To the extent any tax returns or other income-related documents do not fall within Document Request 7, they are irrelevant.  Peters claims that Carling admitted in his deposition that he generally did approximately one-third more

7

work than he billed to Peters, and she states that Carling has claimed he has handwritten notes reflecting this discrepancy. given that Carling is now seeking to recover the full value of all the work he did for Peters, documents reflecting Carling's practice of billing Peters at a reduced rate are relevant to the damages that Carling alleges he suffered as a consequence of Peters' actions, inaction or statements.  Therefore, I grant the request to the extent it seeks documents concerning the work Carling did for Peters and any discount Carling provided to Peters.

Document Request No. 9.  Peters' application to compel Carling to produce all documents concerning any suit, claim, complaint or litigation (other than the present action) in which he has been a plaintiff, litigant, claimant, respondent, defendant, party or petitioner is **denied**.  Carling objects on the grounds of relevancy.  Peters claims the evidence is sought for impeachment purposes to establish that Carling has a pattern of making false financial injury claims.  I conclude that this evidence is irrelevant or would likely be inadmissible.

Document Request No. 12.  Peters' application to compel Carling to produce all documents concerning performance evaluations with respect to any legal work he has performed is **denied**.  Carling claims he possesses no responsive documents.

Peters argues that she produced "a thick file of emails and correspondence to Carling about [her own] performance" and calls into question Carling's contention that he never received a single evaluation "in forty years" in the profession (Pl.'s Reply at 12). Other than speculation, however, Peters offers no evidence that Carling possesses such documents. Moreover, third-party evaluations of Carling's work are irrelevant.

<span style="padding-left:2em"></span>Document Request No. 13. Peters' application to compel Carling to produce all documents concerning any dispute, disagreement or conflict he had with any attorney at any law firm at which he was a partner, including but not limited to Collazo Carling & Mish ("CCM") or Collazo Florentino and Keil is **granted in part.** Carling objects on the grounds that the request is overbroad, unduly burdensome and irrelevant. Peters argues that the evidence will show "Carling was not conducting himself ethically with [Peters] or his former firm" with respect to billing and the lack of a retainer agreement. I agree that this request is overbroad, because it seeks documents with respect to all disputes and is not limited to the dispute between Carling and Peters. To the extent Carling possesses documents concerning any disputes, disagreements or conflicts he had with any attorneys at any firms concerning his billing for work done for Peters, he should produce all responsive, non-privileged

9

documents in his possession, custody or control. I am narrowing this request so that it is reasonably calculated to lead to admissible evidence with respect to the fee dispute in issue.

Document Request No. 14. Peters' application to compel Carling to produce all documents concerning his claim that his business as a lawyer, mediator or arbitrator has been damaged by anything Peters has done, failed to do, or said, or failed to say is **denied**. Carling claims he possesses no responsive documents. This request is denied because the discovery ordered in response to Request Nos. 7 and 8 is sufficient to address the issue of plaintiff's damages.

Document Request No. 15. Peters' application to compel Carling to produce all documents concerning communications he has had with anyone regarding Peters is **granted in part**. Carling objects on the grounds that: (1) this request is relevant to the arbitration claims, not the claims in this action; (2) overbreadth; (3) undue burden, and (4) attorney-client and grievance privileges. Carling argues that "[t]he only communications about defendant that would be relevant are those bearing on issues in this action" (Pl.'s Aff. at 5-6). Peters argues that this request relates to Carling's fraud and defamation claims. She argues that since CCM is not involved in this case with respect to the defamation and fraud claims,

communications between Carling and CCM would not be privileged. Peters further argues that even if privileged communications exist, a privilege log should be produced.  She argues that Carling's conversations with others are relevant to the merits of his claims and for impeachment purposes.  Specifically, she contends that any communications suggesting that she allegedly defrauded other attorneys, did not pay her bills or had difficulty at firms would relate to Carling's fraud claims.  She also argues that Carling has not substantiated allegations he has made "upon information and belief" (Def.'s Reply at 14).  To the extent Carling possesses documents concerning communications with others on the topic of his defamation or fraud claims against Peters, he should produce all responsive, non-privileged documents in his possession, custody or control.  However, he need not produce pleadings, memoranda, correspondence or other documents that he has already produced to defendant in this action or in the related arbitration.  I am narrowing this request so that it is reasonably calculated to lead to admissible evidence concerning the parties' positions with respect to Carling's fraud and defamation claims.  Any privileged correspondence shall be listed on a privilege log and produced.

  <u>Document Request No. 18.</u>  Peters' application to compel Carling to produce all documents supporting his quantum meruit

claim is **granted**.  Carling claims he possesses no responsive documents.  Peters states that Carling has claimed he has handwritten notes of time that he has expended on her matters, and that he has claimed in a deposition concerning his quantum meruit claim that he did approximately one-third more work for Peters than he billed.  Peters does not identify when Carling supposedly claimed to have handwritten notes.  However, given the lack of specificity of Carling's response, no later than September 2, 2011, Carling is to either produce the "handwritten notes" allegedly written by him, or to submit an affidavit detailing why they were not produced.  This request seeks material that is reasonably calculated to lead to admissible evidence concerning Carling's quantum meruit claim.

   Document Request No. 19.  Peters' application to compel Carling to produce all evidence of which he was aware that Peters should not have been sanctioned in the underlying matter is **granted in part**.  Carling claims he possesses no responsive documents.  Peters argues that he possesses the brief submitted to the Second Circuit, notes concerning the appeal and an outline made for his oral argument.  Peters does not explain how she knows Carling still possesses the brief and outline concerning the appeal and has not, therefore, offered specific evidence to establish that responsive documents exist.  Therefore, Carling

need not produce the brief and outline. However, Peters states that Carling "described" his notes to her, although she admits she has never seen these notes (Def.'s Reply at 15). Given the lack of specificity of Carling's response, no later than September 2, 2011, Carling is to either produce these "notes" or to submit an affidavit detailing why they were not produced. This request seeks material that is reasonably calculated to lead to admissible evidence concerning Carling's claim that Peters misrepresented her culpability.

Document Request No. 20. Peters' application to compel Carling to produce all evidence of untrue statements in Peters' appellate brief to the Second Circuit is **denied.** Carling objects that the request is vague and unspecific and argues that the request is not a document request but a request to engage in legal analysis (Def.'s Aff. at 6 & Ex. 1, annexed to Def.'s Aff., at ¶ 20). Peters argues that Carling's fraud claim concerns alleged misrepresentations she made about her case and her evidence. She claims she is entitled to find out what Carling believes are the untrue statements and whether these statements are repeated in the brief. She argues that this request does not call for Carling to make a legal conclusion. I conclude this request is irrelevant. Carling's fraud claim will not turn on the truthfulness of statements in Peters' brief; rather, it will

turn on statements made by Peters to Carling.  Peters has already had the opportunity to explore this issue at Carling's deposition.  Therefore, this request is too far afield and is not reasonably calculated to lead to admissible evidence concerning the truth of certain statements allegedly made to Carling.

Document Request No. 21.  Peters' application to compel Carling to produce all documents reflecting any statements to Peters and/or the Second Circuit that he disagreed with anything in Peters' brief and all documents reflecting any measures he took to correct such allegedly incorrect statements made in Peters' appellate brief is **denied**.  Carling claims he possesses no responsive documents.  Peters claims "he has my brief, his emails to me, and his own notes, copies of letters he wrote to the Second Circuit and his oral argument outline" (Def.'s Reply at 17).  She does not specify how she knows that Carling is in possession of such material, and she does not set forth what is in the emails, notes, letters and outline she described that would be responsive.  Therefore, I credit Carling's representation.

Document Request No. 23.  Peters' application to compel Carling to produce all documents relating to all telephone records of all calls between Carling and Peters between July 13, 2008 to present is **denied**.  Carling states that he has one such

14

record and that it has been produced to Peters (Pl.'s Aff. at 6). Peters does not dispute this representation, but rather argues only that the delay in producing the document indicates bad faith.  She does not claim that there are additional documents to be produced.

Document Request No. 26.  Peters' application to compel Carling to produce all documents concerning Peters' direction that he stop working on her matters is **granted**.  Carling claims he possesses no responsive documents.  Peters argues that "there are emails that indicate Peters asked that he stop working on her matters, both from Peters, and upon information and belief, from Collazo to Carling" (Def.'s Reply at 19).  Given the lack of specificity of Carling's response, no later than September 2, 2011, Carling is to either produce the emails -- particularly those from Peters to him -- or to submit an affidavit detailing why they were not produced.  This request is reasonably calculated to lead to admissible evidence concerning the parties' fee dispute.

Document Request No. 27.  Peters' application to compel Carling to produce all documents that reflect his financial and legal relationship or agreements with Collazo Carling & Mish in the years 2008 and 2009, and with Collazo Florentino and Keil in 2010 is **denied**.  Carling claims he possesses no responsive

15

documents. Peters does not dispute this contention, but rather argues about the relevancy of the request (Def.'s Reply at 19).

To the extent the production of documents is ordered herein, Carling is directed to produce the documents no later than September 2, 2011.

Dated: New York, New York
       August 19, 2011

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Francis Carling, Esq.
Suite 12BC
174 East 74th Street
New York, New York   10021-3533

Kristan Peters, Esq.
Peters Hamlin LLC
Second Floor
1100 Summers Street
Stamford, Connecticut   06905