```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FRANCIS CARLING,                    :

                Plaintiff,          :    10 Civ. 4573 (PAE)(HBP)

     -against-                      :    OPINION
                                         AND ORDER
KRISTAN PETERS,                     :

                Defendant.          :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/12

   PITMAN, United States Magistrate Judge:

   Defendant moves to compel answers to her second set of interrogatories (Docket Item 159). For the reasons set forth below, the motion is denied in all respects.

   Defendant's motion suffers from a number of deficiencies. First, defendant has not submitted a memorandum of law in support of motion, as required by Local Civil Rule 7.1(a)(2).[1]

   Second, prior to making the motion, defendant did not require an informal conference as required by Local Civil Rule 37.1 and Rule 2(A) of my individual rules of practice.

   Third, the interrogatories themselves are precluded by Local Civil Rul 33.3. Rule 33.3 provides:

---

[1] Curiously, defendant cites plaintiff's failure to submit a a memorandum of law as a basis for disregarding plaintiff's opposition, yet she blithely ignores the same deficiency in her own papers.

>     (a) Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.
>
>     (b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.
>
>     (c) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

Defendant's second set of interrogatories seek information that goes far beyond that permitted by Local Civil Rule 33.3, and defendant makes no effort to justify them as a more efficient way of obtaining the information she seeks. Rather, defendant claims that she is entitled to serve the interrogatories because plaintiff was evasive and non-responsive at his deposition and that she was, therefore, unable to ask all of her questions. The fundamental assumption underlying this argument is flawed. The presumptive seven-hour time limit on depositions set forth in Fed.R.Civ.P. 30(d)(1) is precisely what it appears to be -- a <u>limit</u> on discovery. In the absence of an agreement between the

2

parties, or a court order, the seven-hour time limit is controlling. Defendant's assumption that interrogatories seeking substantive information are always available as a supplement to a seven-hour deposition is not supported by citation to any Rule, Advisory Committee Note or case and is fatally inconsistent with the notion of a deposition of limited duration. If a party is guilty of misconduct at a deposition, the appropriate remedies include a telephonic application to my Chambers during the deposition or a motion to continue the deposition. In addition, even if interrogatories were available as a self-help remedy for improper conduct at a deposition, defendant has not offered a shred of evidence that plaintiff engaged in any improper conduct here. Beyond her hyperbolic characterizations, defendant has not offered any evidence of misconduct by plaintiff.

Finally, defendant's motion is also deficient because she failed to meet and confer with plaintiff informally to resolve the dispute as required by Fed.R.Civ.P. 37(a)(1). In that regard, defendant has submitted with her motion an e-mail to plaintiff dated in March 1, 2011 seeking to confer with him concerning her interrogatories. In the first email, defendant stated:

> Please call me by 12 noon tomorrow to discuss your failure to provide response [sic] to most of my interrogatory requests. Alternatively, please email by

>     5:30 pm and let me know when in the next two days you
>     are available to discuss your failure to produce
>     interrogatory responses.
>
>     Also, with respect to your claim of privilege regarding
>     the letter you wrote to Judge Rankin, please identify
>     the name of the privilege (ie: attorney-client privi-
>     lege?) and produce a privilege log by close of business
>     tomorrow.

Plaintiff responded to the email 12 minutes later, stating:

>     Are we talking settlement, or aren't we?  Or was this
>     just another of your elaborate ruses to waste my time?
>
>     I'm free tomorrow afternoon, and have no objection to
>     your requesting a conference with Judge Pitman.  Either
>     send me the settlement papers, or request the confer-
>     ence; otherwise, leave me in peace to work on my papers
>     on the sanctions motions.  Other business can wait
>     until those motions are fully submitted.

The first sentence of the second paragraph indicates a clear willingness to discuss the issue the following day. Nevertheless, defendant describes plaintiff's response as a "refus[al] to confer about [plaintiff's] discovery obligations." Defendant's statement is contradicted by the documentary record and does not justify the filing of her motion without a good faith effort to resolve her disputes with plaintiff without judicial intervention.

4

Accordingly, for all the forgoing reasons, defendant's application to compel responses to her second set of interrogatories (Docket Item 159) is denied in all respects.

Dated:  New York, New York
        April 24, 2012

                                    SO ORDERED

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

Francis Carling, Esq.
Suite 12BC
174 East 74th Street
New York, New York  10021

Kristan Peters, Esq.
Peters Hamlin LLC
Second Floor
1100 Summers Street
Stamford, Connecticut  06905